IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2006 JUN 27 PM 3: 07

SOU... DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| STATE OF INDIANA; and KRISTI ) | |
| ROBERTSON and J. BRADLEY KING, ) | **1:06-cv-1000-RLY-TAB** |
| Co-Directors of the Indiana Election ) | |
| Division, in their official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## COMPLAINT

The United States of America, Plaintiff herein, alleges:

1. The Attorney General of the United States hereby files this action on behalf of the United States of America to enforce Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg-6, regarding Indiana's obligation to perform voter registration list maintenance in elections for Federal office.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 1973gg-9.

3. Venue for this action is proper in the United States District Court for the Southern District of Indiana, as set forth in 28 U.S.C. §§ 94 and 1391(b).

## PARTIES

4.     Plaintiff UNITED STATES OF AMERICA seeks declaratory and injunctive relief pursuant to Section 11(a) of the NVRA, 42 U.S.C. § 1973gg-9(a), which authorizes the Attorney General of the United States to bring this suit to enforce the NVRA, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.     Defendant STATE OF INDIANA is covered by the requirements of the NVRA with respect to elections for Federal office.  *See* 42 U.S.C. §§ 1973gg-1(4), 1973gg-2(b).

6.     Defendants KRISTI ROBERTSON and J. BRADLEY KING are the Co-Directors of the Indiana Election Division.  Section 10 of the NVRA requires that "[e]ach State shall designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities under this Act."  42 U.S.C. § 1973gg-8.  Indiana law establishes that the Co-Directors of the Indiana Election Division are the State officials "responsible for the coordination of state responsibilities under NVRA."  Ind. Code § 3-7-11-1.  The Co-Directors are being sued in their official capacities.

## CLAIM FOR RELIEF

7.     Section 8(a)(4) of the NVRA requires that "[i]n the administration of voter registration for elections for Federal office, each State shall . . . conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of - (A) the death of the registrant; or (B) a change in the residence of the registrant . . . ."  42 U.S.C. § 1973gg-6(a)(4).

8.     Section 8(b) of the NVRA requires that "[a]ny State program or activity to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter

registration roll for elections for Federal office" shall be "uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 (42 U.S.C. § 1973 *et seq.*) . . . ." 42 U.S.C. § 1973gg-6(b). Section 8(c) of the NVRA further provides that a State "shall complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters," except for removals based on a voter's death, conviction of a disqualifying crime or a request of the registrant. 42 U.S.C. § 1973gg-6(c)(2)(A) & (B).

9. Section 8 of the NVRA allows for the immediate removal of a voter from a registration list based on death, conviction of a disqualifying crime, or a request of the voter. *See* 42 U.S.C. § 1973gg-6(c)(2)(B). Section 8 of the NVRA also allows a voter to be immediately removed when a voter confirms in writing that the voter has moved outside of the registrar's jurisdiction, such as when a voter has registered to vote in another jurisdiction, in the manner provided by State law. *See* 42 U.S.C. §§ 1973gg-6(a)(3)(A), 1973gg-6(c)(2)(B), and 1973gg-6(d)(A). Section 8 of the NVRA sets forth specific notice procedures and time frames for removing a voter from the official list of registered voters when a registrar obtains information that a voter may have moved. *See* 42 U.S.C. §§ 1973gg-6(b)-(f).

10. Indiana has failed to conduct a general program that makes a reasonable effort to identify and remove ineligible voters from the State's registration list; has failed to remove such ineligible voters; and has failed to engage in oversight actions sufficient to ensure that local election jurisdictions identify and remove such ineligible voters. As a result, the State has had and continues to have many counties with excessively high registration totals as compared to the voting age population in each county.

11. The Department of Justice ("Department") first raised NVRA-related concerns in an April 7, 2005, letter addressed to the Indiana Secretary of State, with a carbon copy to the Co-Directors. In that letter, the Department specifically noted that according to 2003 Census estimates Indiana had 23 counties with registration totals that were more than 100% of those counties' voting age populations.

12. According to data collected voluntarily from each State by the Election Assistance Commission ("EAC") from the November 2004 general election, 19 of 92 Indiana counties had more than 100% of their 2004 voting age populations ("2004 VAP") registered to vote. In addition, 23 counties had 95–100% of their 2004 VAP registered to vote, and an additional 25 counties had registration totals of 90-95%.

13. The State's very high registration totals, as compared to the national average, were highlighted in a recent court case. In *Indiana Democratic Party v. Rokita*, the State submitted expert testimony to justify why its new voter identification law was needed to combat election fraud. *See* "Entry Granting Defendants' Motions for Summary Judgment, Denying Plaintiffs' Motions for Summary Judgment, and Denying Plaintiffs' Motion to Strike," 1:05-CV-0634-SEB-VSS (S.D. Ind. 2006). The State's expert testified that Indiana's actual registration totals are 41.4% higher than the number of Indiana citizens who report that they are registered. This was the highest discrepancy in the nation. The expert further stated that there were 233,519 duplicate voter registrations on the State's registration list in 2004.

14. On January 1, 2006, the State launched its new statewide, computerized voter registration database, as required by the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15483(a). The new database interfaces with various State agencies, including the Bureau of Motor Vehicles, Department of Health, and Department of Corrections, and helps the State to

identify "ineligible voters," as that term has meaning under the NVRA and HAVA. When the State ran a query to identify deceased registrants and duplicate registration applications, it discovered over 29,000 possible deceased registrants on the State's registration lists and nearly 290,000 possible duplicate registrations. None of these duplicate and ineligible voter registrations have been removed from the State's registration database.

15. The Department sent a second letter to the State on May 18, 2006, to the Co-Directors and with a carbon copy to the Secretary of State. The letter again questioned whether the State was complying with the NVRA's list maintenance requirements, especially given the many deceased registrants and duplicate registrations appearing in the statewide database. The letter also pointed to the many counties with registration totals in excess of the voting age population. The Department requested a response by May 25, 2006.

16. One Co-Director, Bradley King, responded on May 25, 2006. In his letter, Mr. King plainly admitted that "Indiana is not currently meeting its voter list maintenance obligations under the National Voter Registration Act (NVRA)."

17. Ms. Robertson did not contact or otherwise respond to the Department's letter.

18. These facts and admissions, as set forth above, demonstrate that the State is and has been in violation of Section 8 of the NVRA, 42 U.S.C. § 1973gg-6. Unless enjoined by the Court, Defendants will continue to violate this section by failing to conduct legally required list maintenance.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff United States of America prays for an order:

1. Declaring that Defendants are in violation of 42 U.S.C. § 1973gg-6 because they

have failed, *inter alia,* to ensure that the State of Indiana conducts an adequate general program of list maintenance that makes a reasonable effort to identify and remove the names of ineligible voters from the voter registration list in elections for Federal office, to remove such ineligible voters, and to engage in oversight actions sufficient to ensure that local election jurisdictions identify and remove such ineligible voters.

  2. Enjoining the Defendants, their agents, representatives, delegates, and successors, and all persons acting in concert with any of them from failing or refusing to comply with the voter registration list maintenance requirements of Section 8 of the NVRA in elections for Federal office;

  3. Ordering the Defendants to take all steps necessary to remedy the demonstrated violations of Section 8 of the NVRA in elections for Federal office; and,

  4. Ordering the Defendants to provide this Court, within 30 days from the date of the Court's order, a plan to remedy the demonstrated violations of Section 8 of the NVRA, and to affirmatively administer an adequate general program of list maintenance in compliance with the requirements of Section 8 of the NVRA in elections for Federal office. That plan should include, at a minimum: (1) a survey of all local election authorities in the State to determine the status of Indiana's program of list maintenance and the current condition of its voter rolls, as well as the extent of any problems or inadequacies with that program or with those voter rolls; (2) a means to fully remedy past violations of the NVRA's list maintenance requirements, including a statewide mailing to identify voters who have moved; and (3) a means for the State to monitor and ensure it is meeting its obligations under the NVRA to conduct a uniform general program of list maintenance on a regular basis going forward.

5. Plaintiff further prays that this Court order such other and further relief as the interests of justice may require, together with the costs and disbursements of this action.

ALBERTO R. GONZALES
Attorney General

By: _____
WAN J. KIM
Assistant Attorney General
Civil Rights Division

SUSAN BROOKS
United States Attorney

By: _____
TIM MORRISON
Assistant United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN 46204

_____
JOHN TANNER
Chief, Voting Section

_____
ROBERT POPPER
M. ERIC EVERSOLE Indiana Bar No. 21190-49
Trial Attorneys
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: 202-305-0566
Facsimile: 202-307-3961