IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2006 JUN 27 PH 3: 07

SOUTH....... ..STRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| STATE OF INDIANA; and KRISTI | ) | |
| ROBERTSON and J. BRADLEY KING, | ) | **1:06-cv-1000-RLY-TAB** |
| Co-Directors of the Indiana Election | ) | |
| Division, in their official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CONSENT DECREE AND ORDER

The United States of America filed this action pursuant to Section 8 of the National Voter

Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg-6, to enforce the State of Indiana's

obligations concerning voter registration list maintenance in elections for Federal offices. The

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §

1973gg-9.

The State of Indiana is covered by the requirements of Section 8 of the NVRA with

respect to elections for Federal office. *See* 42 U.S.C. §§ 1973gg-1(4), 1973gg-2(b). Section

8(a)(4) of the NVRA requires that "[i]n the administration of voter registration for elections for

Federal office, each State shall . . . conduct a general program that makes a reasonable effort to

remove the names of ineligible voters from the official lists of eligible voters by reason of - (A)

the death of the registrant; or (B) a change in the residence of the registrant . . . ." 42 U.S.C. §

1973gg-6(a)(4). Section 8 allows for the immediate removal of a voter from a registration list

1

when the voter has died, been convicted of a disqualifying crime, or when the voter requests to be removed. *See* 42 U.S.C. § 1973gg-6(c)(2)(B). Section 8 of the NVRA sets forth specific notice procedures and time frames for removing a voter when the State or local county registrar obtains information that a voter no longer lives at his/her registration address of record (*i.e.*, when the State receives undeliverable election mail or returned jury notices). *See* 42 U.S.C. §§ 1973gg-6(b)-(f). The State must comply with these notice provisions and time lines before removing such voters from its registration list.

Notwithstanding these list maintenance obligations, Indiana has failed to conduct an adequate general program of list maintenance that makes a reasonable effort to identify and remove the names of ineligible voters from the voter registration list in elections for Federal office, to remove such ineligible voters, and to engage in oversight actions sufficient to ensure that local election jurisdictions identify and remove such ineligible voters. As a result, the State has violated the registration list maintenance obligations under Section 8 of the NVRA, 42 U.S.C. § 1973gg-6.

The United States and Defendants, through their respective counsel, have conferred and agree that this action should be settled without the delay and expense of litigation. The parties negotiated in good faith and hereby agree to the entry of this Consent Decree ("Decree") as an appropriate resolution of the claims alleged in the United States' complaint. The parties agree to waive a hearing and, thus, stipulate that each provision of this Decree is appropriate and necessary.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.      *Deceased Voters and Duplicate Registrations.* On or before June 30, 2006, the

2

Indiana Election Division shall distribute notices regarding the more than 29,000 registrants who may be deceased and 290,000 registrations which may be duplicates, which were identified by the State when it implemented the new statewide, computerized database under the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15483(a), to each county voter registration office for appropriate action. The State shall require each county voter registration office to make a determination, consistent with all notice requirements mandated by law, on these potentially invalid registrations by August 2, 2006, including the removal from the list of eligible voters of any voter registration that has been positively identified as being from a deceased voter or as a duplicate registration. The State shall provide a report to counsel for the United States on or before August 16, 2006, on a county by county basis, regarding the total number of ineligible voters identified as duplicate or deceased in each county, the total number of voters removed in each county, the total number of voters placed on the inactive list in each county, and the number of dead or duplicate registrations where the county took no action.

2. *Statewide Mailing.* On or before June 30, 2006, the Co-Directors shall take reasonable efforts to identify voters who are ineligible to vote by conducting a statewide mailing of election-related materials, via first class non-forwardable mail, to all registered voters. The program must comply with the requirements of Section 8(b) of the NVRA, 42 U.S.C. § 1973gg-6 and Indiana Code § 3-7-38.2-16. To the extent that any mailing is returned as undeliverable with no forwarding address or a forwarding address outside the registrar's jurisdiction, the State shall send a follow-up notice letter by forwardable mail to the voter and a postage prepaid address verification card, as set forth in 42 U.S.C. § 1973gg-6(c)-(d) and Ind. Code § 3-7-38.2-2, whereby the voter can confirm his or her address. Where the mailing is returned as undeliverable

3

with a forwarding address inside the registrar's jurisdiction, the State shall ensure that voter

records are updated in accordance with Section 8(f) of the NVRA. 42 U.S.C. § 1973gg-6(f). The

State shall ensure that each county processes returned and undeliverable address verification

cards in accordance with State and Federal law. This program must be completed on or before

August 10, 2006.

3.    *Report on Statewide Mailing.* On or before August 25, 2006, the State shall

provide counsel for the United States with a report that identifies, on a county by county basis,

the number of voters who were identified as potentially ineligible through use of the measures set

forth in Paragraph 2, *supra*, the number of voters actually removed from the registration database

and the total number of voters placed on inactive status after confirmation mailings. In addition,

the State will provide the total number of active and inactive voters in each county in the State as

of August 25, 2006.

4.    *Written Plan for Compliance.* During 2007, the Co-Directors shall develop a

written plan for identifying and deleting ineligible voters on the State's computerized database,

as required in Section 303(a)(2) of HAVA, 42 U.S.C. § 15483(a)(2). In addition, the plan shall

set forth the State's procedure for tracking whether each county voter registration office is

complying with the list maintenance requirements of Section 8 of the NVRA, including whether

the registration office is identifying and removing voters who have died, been convicted of a

disqualifying crime, or who have moved. This plan must include a means of tracking whether

county voter registration offices are properly: (1) acting on State-provided information obtained

from the statewide voter registration database regarding voters who may have become ineligible

(such as potential deaths or duplicates); (2) researching and acting on other specific information

4

provided in writing by voters that calls into question those voters' continued eligibility to vote at their currently registered addresses, such as jury declinations or county or state tax filings which claim non-resident status; (3) canvassing their registered voter lists to locate voters who have died or moved; (4) using canvass information to update voter registration rolls for voters who have moved within the election jurisdiction consistent with Section 8(f) of the NVRA; (5) sending a forwardable confirmation notice under Section 8(d) of the NVRA to voters who may have moved outside of an election jurisdiction or for whom there is no forwarding information; (6) placing voters who do not respond to the confirmation notice into an inactive status that will indicate the date they were placed in such status; (7) removing inactive voters who do not vote or appear to vote during the two Federal general election cycles following the date the confirmation notice is sent or who indicate in writing that they have moved outside of the jurisdiction; (8) ensuring that eligible voters on inactive status remain on the voter registration list during the period of the two Federal general election cycles following the date the confirmation notice is sent, and that they can cast valid ballots on election day during that period, upon proper assertion of eligibility, if required under state law; and (9) returning eligible inactive voters to active status if they properly reactivate their registration. Where this tracking information indicates that a county voter registration office is not conducting list maintenance activity in accordance with the NVRA and State law, the Co-Directors shall contact the county voter registration office to ensure compliance with the law and, if necessary, take appropriate action against the county, including litigation, if it fails to comply with Federal and State law.

    5.    *Training.*  The Co-Directors, in concert with regularly scheduled training programs conducted by the Indiana Secretary of State, shall develop training manuals and

conduct regular training of local election officials at least once each year on the proper conduct of list maintenance under Section 8 of the NVRA and State law.

6.      *Copies of Materials to Counsel for the United States*.  The Secretary and/or the Co-Directors shall provide copies of the following to counsel for the United States for review and comment prior to dissemination or implementation: (1) the written plan for tracking county compliance with the NVRA referred to in Paragraph 4, *supra*; and (2) the written training materials discussed in Paragraph 5, *supra*.  Both parties agree to confer during development of the materials discussed in this paragraph to ensure potential disagreements are minimized.

7.      *Annual Reporting Requirements*.  On or about January 31 of each year, the Secretary and/or the Co-Directors shall provide a report to counsel for the United States that sets forth the total number of active and inactive voters in each county in the State, as well as the number of registrants removed by each county in the previous year.

8.      *Retention of Records*.  The State shall retain voter registration and list maintenance records related to the terms of this agreement for the time periods provided in 42 U.S.C. §§ 1973gg-6(I) and 1974.  This shall include training materials and other documents related to the State's and counties' list maintenance obligations under the NVRA and State law. The State shall make these records available to counsel for the United States upon request.

9.      *Costs*.  Each party shall bear its own costs with regard to actions taken by the parties up to and including the entry of this decree.

10.     *Binding Nature of Decree*.  This Decree is binding on the Co-Directors, their successors in office, employees, representatives, delegates, agents, assigns, and all persons acting on their behalf.

6

11.   *Termination Date.* This Agreement shall remain in effect until June 30, 2009.

Agreed to:

For the United States of America:

SUSAN BROOKS
United States Attorney


TIM MORRISON
Ind. Bar No. _92-68-53_
Assistant United States Attorney
10 West Market Street Suite 2100
Indianapolis, Indiana 46204
Phone: (317) 226-6333
Fax: (317) 226-5002


JOHN TANNER
ROBERT POPPER
M. ERIC EVERSOLE
Ind. Bar No. 21190-49
Trial Attorneys
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: 202-305-0566
Facsimile: 202-307-3961

For the Defendants:

APPROVED as to Form and Legality:
Office of the Attorney General


STEVE CARTER
Attorney General of Indiana
Ind. Bar No. _1957-98_
Indiana Government Center South
302 W. Washington Street
Indianapolis, Indiana
Phone: (317) 232-6201
Fax: (317) 232-7979


KRISTI ROBERTSON
Co-Director, Indiana Election Division
302 W. Washington, Room E204
Indianapolis, Indiana 46204
Phone: (317) 232-3939
Fax: (317) 233-6793


BRADLEY KING
Co-Director, Indiana Election Division
302 W. Washington, Room E204
Indianapolis, Indiana 46204
Phone: (317) 232-3939
Fax: (317) 233-6793

7

SO ORDERED this _____ day of _____, 2006

_____
United States District Judge

8